The People of the State of New York, Plaintiff, *v.* Alex E. Muhleman, Defendant.

Supreme Court, Special Term, Bronx County, December 9, 1944.

*Herbert S. Duncombe* for defendant.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Rutenberg* of counsel), for plaintiff.

Schreiber, J. This is an application for a certificate of reasonable doubt. Most of the defendant's contentions are sufficiently answered by pointing out that the definition of " A sale or offer of sale to the public " contained in section 359-e of the General Business Law appears to be applicable only to the subject matter covered by that section. There is nothing in the statute to indicate that the injunction authorized by section 353 against sales or offers to sell to the public is limited by the definition of such sales or offers to sell contained in section 359-e. In the court's opinion a defendant who has been enjoined under section 353 from sales or offers to sell to the public is guilty of a violation of the injunction, and, therefore, of a misdemeanor under section 359-g, on making a single sale or offer to sell to any member of the public. It is not necessary, in order

to make out a case of violation of the injunction authorized by section 353, that defendant be proved guilty of a series of violations — which is what defendant's contention really amounts to. The information alleges, in each of the four counts, facts sufficient to constitute the crime of selling or offering to sell stock certificates to the public in violation of the injunction authorized by section 353. It is not essential that the words " selling or offering for sale to the public " be employed in the information.

The argument that a defendant against whom an injunction under section 353 has been issued may not constitutionally be prohibited from selling his own stock is not sufficiently persuasive to merit discussion.

Although it may well be that there is room for reasonable doubt as to the propriety of defendant's conviction on the fourth count, no such doubt appears to exist in connection with the other three counts.

Motion denied.